IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Countrywide Home Loans, Inc.,**

    **Plaintiff,**

vs.

Case No. 2:08-CV-805
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

**Kary J. Bartmasser, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Countrywide Home Loans, Inc.'s Motion to Remand (doc. #9) and Defendants' Motion to Dismiss (doc. #11).

### I.

On August 20, 2008, Defendants Kary J. Bartmasser and Janice Wald Henderson ("Defendants") removed a state court foreclosure case captioned *Countrywide Home Loans, Inc. v. Kary J. Bartmasser, et al.*, Franklin County, Ohio Case Number 08-CVE-07-009895. The purported grounds for removal was the diverse citizenship of the parties, in which case the Court would have subject matter jurisdiction under 28 U.S.C. §1332. (Notice of Removal, Doc. #2). Plaintiff has moved to remand the matter to state court based on the citizenship of Defendant, the Franklin County Treasurer. Plaintiff contends that the Treasurer's Ohio citizenship precludes removal under 28 U.S.C. §1441. Defendants' Notice of Removal does not assert that this Court has federal question jurisdiction under 28 U.S.C. §1441.

II.

The removal statute states, in part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b). Section 1441(b) limits removal based upon diversity jurisdiction to instances where no defendant is a citizen of the forum state. *See Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910 (6th Cir. 2007).

Defendant, the Treasurer of Franklin County, Ohio, is a necessary party to this foreclosure case, because the County Treasurer holds an interest in mortgaged property located in Franklin County. *See Huntington Natl. Bank v. Ross,* 130 Ohio App.3d 687, 693, 720 N.E.2d 1000 (Ohio App., 1998). ("The holder of rights or interest in property is a necessary party to a foreclosure action."). There is no dispute that the Franklin County Treasurer is a citizen of the state of Ohio.[1] Accordingly, under 28 U.S.C. § 1441(b), there was no "objectively reasonable basis to believe that [Countrywide's] state court action could properly be removed to federal court." *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910 (6th Cir. 2007) (affirming remand of foreclosure action based on state law, where defendants were citizens of the state of filing).

---

[1] There is also no dispute that, even if the Treasurer could remove this case on the basis of diversity jurisdiction, he did not consent to Defendants ill-advised attempt at removal, as required by 28 U.S.C. 1446(a), and Sixth Circuit precedent interpreting the removal statute. *See Loftis v. United Parcel Service, Inc.,* 342 F.3d 509 (6th Cir. 2003) (The "rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court.").

2

Given the clear prohibition contained in the removal statute, this Court does not have subject matter jurisdiction over this action.[2]

### III.

For the foregoing reasons, Plaintiff's motion to remand (doc. #9) is GRANTED. This action is hereby REMANDED to the Franklin County Court of Common Pleas. Plaintiff is directed to file a motion for fees under 28 U.S.C. §1447(c), accompanied by an itemized accounting of the fees and costs incurred in connection with the motion to remand, within 10 days of the date of this Order. Further, in light of the Court's Order on Plaintiff's motion to remand, Defendants' pending motion to dismiss (doc. #11) is hereby DENIED as moot.

**IT IS SO ORDERED.**

10-21-2008
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although Defendants have not alleged federal question as a basis for federal jurisdiction, the Court finds that the Complaint filed in the state court action arises under and is governed solely by the laws of the state of Ohio.

3